UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
_____

SOPHIE BECKERMAN,

                Plaintiff,

        -against-

FRESH DIGITAL GROUP, INC.,
DOUG ROBINSON, in his individual and official
capacities, JOHN AND JANE DOES 1-10, in their
individual and official capacities, and
XYZ CORP. 1-10,

                Defendants.
_____

Civil Action No. 15-cv-1530

**COMPLAINT**

**Demand for Trial by Jury**

      Plaintiff, Sophie Beckerman ("Plaintiff" and/or "Beckerman"), by her attorneys the Law Offices of Rudy A. Dermesropian, LLC, makes the following allegations against defendants Fresh Digital Group, Inc. ("FRSH"), Doug Robinson, in his individual and official capacities ("Robinson"), John and Jane Does 1-10, in their official and individual capacities, and XYZ Corp. 1-10 (collectively, "Defendants"):

## INTRODUCTION

      1.     Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and pursuant to the New York Labor Law Art. 6, §§ 190 *et seq*. ("NYLL"), to remedy Defendants' blatant violations of the wage-and-hour provisions of the FLSA and NYLL that have deprived Plaintiff of her lawfully earned wages and benefits.

      2.     Plaintiff also brings this action to remedy Defendant's breach of employment contract.

3. Defendants have been trampling the federal and state interests in pursuit of their own profits, saving significant amounts in earned wages and benefits, implementation of policies that strip the Plaintiff of proper and just compensation of wages and benefits earned, by failing to make, keep, and preserve accurate records, including but not limited to, hours worked each workday and total hours worked each workweek, as required by the FLSA and NYLL, and supporting federal and state regulations.

## THE PARTIES

4. Plaintiff, an individual and resident of County of New York, New York, is a former employee of FRSH.

5. Plaintiff was employed by Defendant FRSH in the position of Business Development & Strategy Lead, at its office located in New York City.

6. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

7. Defendant FRSH is a privately held company in New York and engages in voice interactive design and development services.

8. Defendant FRSH's place of business is at 111 John Street, Suite 420, New York, New York 10038.

9. Defendant FRSH is a covered "employer" that has engaged and continues to engage in interstate commerce within the meaning of the FLSA and the NYLL.

10. Defendant Robinson is FRSH's Chief Executive Officer ("CEO").

11. At all relevant times herein, Defendant FRSH employed Plaintiff.

12. Upon information and belief, at all relevant times, Defendant FRSH has had gross revenues in excess of $500,000.00.

13. Defendant Robinson exercised control over FRSH's day to day operations and over Plaintiff's employment, including the ability to hire and fire employees and set employees' schedules and rates of pay.

14. Defendants John and Jane Does 1–10 are natural persons whose true identities are not yet known to plaintiff and are partners, shareholders, principals, employees, agents or persons otherwise associated with one or more of the other defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against plaintiff set forth herein.

15. Defendants XYZ CORP. 1–10 are additional entities whose true identities are not yet known to plaintiff, which are owned or operated by, affiliated with, owned and/or managed by or for the benefit of one or more other defendants, or any combination of any or all of them.

16. In committing the wrongful conduct described in this action and obtaining the benefits therefrom to plaintiff's loss, cost, damage and detriment, one or more of the defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

18. Plaintiff's state law claims are so closely related to Plaintiff's claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

19. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

20. Plaintiffs' claims involve matters of national or interstate interest.

21. Defendant FRSH is subject to personal jurisdiction in New York because, among other things: (a) it is a New York corporation; and (b) maintains an office in New York.

22. Defendant Robinson is also subject to personal jurisdiction in New York because he works and resides in New York.

23. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

24. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Southern District of New York.

25. The events or omissions giving rise to the claims occurred in this District.

## FACTS

26. On or about March 21, 2018, Plaintiff Beckerman applied to the position of Strategy Intern with FRSH.

27. On April 3, 2018, an interview was held over Skype between Plaintiff, Defendant Robinson, and Ms. Deanna Liu an employee at FRSH.

28. Following the interview, on April 19, 2018, Plaintiff was offered the position of Business Development & Strategy Lead.

29. In reliance on Defendants' promises and the specific offer made, Plaintiff accepted the terms of the Letter of Offer of Agreement (the "Employment Agreement") and moved her

residence to New York City incurring costs and expenses, such as moving cost, hotel bookings, and rental expenses.

30. Plaintiff's out-of-pocket costs and expenses that she incurred when she moved and stayed in New York City in reasonable reliance on Defendants' representations was in an amount not less than $2,000.

31. The Employment Agreement states in part as follows:

   a. Beckerman's initial base salary will be at an annual rate of $60,000, or $5,000 per month;

   b. The base salary can grow to $100,000 in 2019, depending on FRSH's income, revenue and deal profits;

   c. The term of employment will commence on July 3, 2018, and will continue thereafter *until terminated* by FRSH at any time, for any reason;

   d. The Employment Agreement states that Beckerman's "employment contract exists for 1 year and beyond."

32. Upon information and belief, Defendant FRSH has not yet terminated the Employment Agreement.

33. Defendants have failed and refused to pay Plaintiff Beckerman any of the compensation she is entitled to under the Employment Agreement or applicable federal or state laws.

34. Plaintiff has complained numerous times to Defendant Robinson regarding Defendants' failure and refusal to pay.

35. In response to Plaintiff's complaints, Robinson would continuously falsely promise her that payment will be made.

36. Plaintiff reasonably relied, to her detriment, on Defendants' promises and representations and she continued to work for Defendants in anticipation of being properly and fully compensated.

37. However, Plaintiff was never paid any portion of the compensation she is contractually and legally entitled to.

38. Ultimately, and since Defendants continued to refuse to pay Plaintiff, she was compelled to stop working at FRSH on November 30, 2018.

39. Plaintiff was only able to secure new employment after leaving FRSH on January 16, 2019.

40. During the period of July 3, 2018 until November 30, 2018, Plaintiff regularly worked 5 days per week and over 40 hours per work week.

41. During that same period, Plaintiff worked an average of 25 hours of overtime.

42. Defendants never instructed Plaintiff not to work overtime hours, profiting from her hard work and long working hours.

43. During that entire period, Plaintiff was not paid either her regular rate, the minimum wage or the overtime hours she worked in excess of forty (40) hours per workweek.

44. Defendants did not pay Plaintiff a spread of hours premium pursuant to New York State law when her workdays lasted ten (10) or more hours.

45. Defendants failed to provide Plaintiff with a written notice of her rate of pay and failed to keep proper payroll records as required under New York law.

46. On April 9, 2019, Plaintiff, by way of counsel, sent a good-faith letter to Defendants demanding payment of her compensation.

47. The April 9, 2019 letter was marked "CONFIDENTIAL AND FOR SETTLEMENT PURPOSES ONLY."

48. Defendants still refused to compensate Plaintiff for the work she performed.

49. Defendants are liable under the FLSA and the NYLL, *inter alia*, for failing to properly compensate Plaintiff.

50. Plaintiff has been a victim of a policy and plan perpetrated by Defendants that has violated her rights under the FLSA and the NYLL by denying her overtime wages, spread-of-hours wages, and call-in pay.

51. At all relevant times, Defendants' unlawful conduct, policies, patterns and/or practices described in this Complaint have been willful.

52. As part of their ongoing business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL, as described in this Complaint. This ongoing policy, pattern or practice includes, but is not limited to:

    a. Defendants failed and refused to pay Plaintiff any form of compensation;

    b. Defendants failed to pay Plaintiff the minimum mandatory wage;

    c. Defendants failed to pay Plaintiff overtime for hours worked over forty in a workweek; and

    d. Defendants tampered with and failed to keep accurate and adequate records of hours worked by Plaintiff as required by the FLSA and the NYLL.

53. Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a policy or practice of minimizing labor costs by knowingly

refusing and failing to pay employees for minimum wage and overtime hours in violation of the FLSA and the NYLL.

54. Defendants' unlawful conduct, policies and practices have been widespread, repeated, consistent and ongoing.

55. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage Violations

56. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

57. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

58. Defendants have willfully failed to pay Plaintiff the federal minimum wage for each hour worked.

59. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post judgment interest, costs and other compensation pursuant to the FLSA.

## AS AND FOR A SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wage Violations

60. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

61. The minimum wage provisions set forth in the New York Labor Law, and its supporting regulations, apply to Defendants and protect Plaintiff.

62. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for each hour worked.

63. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, et seq., and its supporting regulations.

64. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## AS AND FOR A THIRD CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

65. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

66. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

67. Defendants have failed to pay Plaintiff overtime wages at time and a half for hours that she worked over 40 hours in a work-week.

68. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to the FLSA.

69. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

70. Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime

71. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

72. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

73. Defendants have failed to pay Plaintiff overtime wages to which she is entitled to under the NYLL and the supporting New York State Department of Labor Regulations.

74. By Defendants' knowing and/or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per work week, they willfully violated NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

75. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

76. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

## AS AND FOR A FIFTH CAUSE OF ACTION
### New York Labor Law Article 19 – Spread-of-Hours Pay

77. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

78. Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which she worked more than 10 hours.

79. By Defendants' failure to pay Plaintiff spread-of-hours, Defendants have willfully violated NYLL Art. 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

80. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Violation of New York Labor Law Article 6, § 198-c

81. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

82. Defendants had an obligation to pay Plaintiff for the overtime hours she worked.

83. Defendants failed, neglected and refused to pay the amounts necessary to Plaintiff within thirty days after such payments were required to be made.

84. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

85. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**Breach of Contract**

86. Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

87. The terms of the Employment Agreement commenced on July 3, 2018.

88. The Employment Agreement was never terminated by Defendants.

89. The Employment Agreement states in part as follows:

    a. Plaintiff's initial base salary will be at an annual rate of $60,000, or $5,000 per month;

    b. The base salary can grow to $100,000 in 2019, depending on FRSH's income, revenue and deal profits;

    c. The Employment Agreement states that Beckerman's "employment contract exists for 1 year and beyond."

90. Plaintiff satisfactorily provided services to Defendants as an employee and in the position of Business Development & Strategy Lead.

91. Defendants have not paid Plaintiff any of the compensation or benefits she is entitled to under the Employment Agreement.

92. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but believed to be no less than $60,000.00.

## DEMAND FOR TRIAL BY JURY

93. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sophie Beckerman, respectfully requests the following relief:

A. Unpaid overtime and minimum wages and an additional and an equal amount as liquidated damages pursuant to FLSA and the supporting United States Department of Labor regulations;

B. Unpaid overtime and minimum wages pursuant to NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL Art, 19, § 663;

C. A declaratory judgment declaring that the practices and policies complained of in this Complaint are unlawful under FLSA and NYLL Art. 19 §§ 650 *et seq*., and the supporting United States Department of Labor and New York State Department of Labor regulations;

D. Equitable relief of back pay, salary and fringe benefits in an exact amount to be determined at trial;

E. A monetary award for all compensation and benefits entitled to under the Employment Agreement in an amount to be determined at trial but not less than $60,000.00.

F. Pre-judgment interest and post-judgment interest;

G. An amount to be determined at trial of lost compensation, back-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

  H. An injunction requiring Defendants to pay all statutorily required wages and benefits pursuant to FLSA and NYLL;

  I. Reasonable attorneys' fees and costs of the action;

  J. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
   February 20, 2020

        Respectfully Submitted,

        **LAW OFFICES OF RUDY A. DERMESROPIAN, LLC**

        By: */s/ Rudy A. Dermesropian*
          Rudy A. Dermesropian (RD 1882)
          260 Madison Avenue, 15th Floor
          New York, NY 10016
          Telephone: (646) 586-9030
          Fax: (646) 586-9005

        *Attorneys for Plaintiff*