USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SOPHIE BECKERMAN,

                                   Plaintiff,

                    -against-

                                        20-CV-1530 (VEC)

FRESH DIGITAL GROUP, INC., DOUG      ORDER OF DISMISSAL
ROBINSON INDIVIDUAL CAPACITY, DOUG
ROBINSON OFFICIAL CAPACITY, JOHN
AND JANE DOES 1-10 INDIVIDUAL
CAPACITY, JOHN AND JANE DOES 1-10
OFFICIAL CAPACITY, XYZ CORP. 1-10,

                                 Defendants.
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on October 16, 2020, a show cause hearing was held on why an order of default judgment should not be entered against all Defendants;

      WHEREAS none of the Defendants appeared at the hearing;

      WHEREAS the Court must have subject matter jurisdiction to enter any order in this matter, including a default judgment;

      WHEREAS Plaintiff alleges the Court has federal question jurisdiction over the Fair Labor Standards Act (FLSA) claims and supplemental jurisdiction over the state law claims, Compl., Dkt. 1;

      WHEREAS on October 16, 2020, the Court ordered the Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction, including that, despite the classification in her employment letter, she was an employee and not an independent contractor; that no FLSA exemption applied to her; and that Defendant Fresh Digital Group, Inc. ("Fresh Digital") had more than $500,000 in annual revenue, Dkt. 24;

WHEREAS on November 13, 2020, Plaintiff responded to the Court's order, Dkts. 25, 26;

WHEREAS to show annual revenue, Plaintiff relied on an investor presentation that included a client list and represented that Fresh Digital had annual revenue of $315,000 in fiscal year 2017 and projected revenue of over $6 million for fiscal year 2018, the year in which Plaintiff was allegedly employed, Dkts. 25, 26;

WHEREAS on November 19, 2020, the Court ordered Plaintiff either to provide sufficient facts about existing clients, contracts, or other revenue sources from which the Court can infer that Fresh Digital had annual revenue in excess of $500,000 in 2018 or voluntarily dismiss the action so that it can be refiled in state court, Dkt. 27; and

WHEREAS on December 11, 2020, Plaintiff submitted a letter relying on the same investor presentation and providing no additional information from which the Court could infer that Fresh Digital had an annual revenue in excess of $500,000 in 2018, Dkt. 28;

IT IS HEREBY ORDERED that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.  The Court finds that the information provided by Plaintiff is insufficient to conclude that Defendant Fresh Digital had an annual revenue in excess of $500,000 in 2018.  *See* 28 U.S.C. § 203(s)(1)(ii).  Plaintiff is welcome to file her claims under New York Labor Law in state court.

The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

Date:  December 13, 2020
New York, New York

_____
VALERIE CAPRONI
United States District Judge